```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

BRANDON WASHINGTON,

                Petitioner,

**DECISION AND ORDER**
**No. 12-CV-00210(MAT)**

    -vs-

JUSTIN A. TAYLOR,

                Respondent.
```
_____
```

## I. Introduction

*Pro se* Petitioner Brandon Washington ("Petitioner" or "Washington") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered May 17, 2004, in New York State, County Court, Monroe County, convicting him, upon a plea of guilty, of Manslaughter in the First Degree (N.Y. Penal Law ("Penal Law") § 125.20[1]).

For the reasons that follow, the writ of habeas corpus is denied and the petition is dismissed.

## II. Factual Background and Procedural History

A Monroe County Grand Jury charged Petitioner in a three-count indictment with Murder in the Second Degree (Penal Law § 125.25[1]) (intentional murder), Murder in the Second Degree (Penal law § 125.25[2]) (depraved indifference murder), and Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03[2]). See Resp't Ex. D (Monroe County Ind. No. 00477 dated October 2, 2003). The charges arose from an incident that

occurred on the evening of September 16, 2003 at 67 Scranton Street in Rochester, New York, wherein Petitioner shot and killed Cornell Douglas ("Douglas") during an argument over a sum of money that Petitioner had given to Douglas to purchase marijuana. Plea Mins. [P.M.] 6-8.

On March 17, 2004, Petitioner appeared before Monroe County Court Judge John J. Connell and entered a plea of guilty to Manslaughter in the First Degree (Penal Law § 125.20[1]) under the first count of the indictment. P.M. 7-8. That same day, the county court sentenced Petitioner, in accordance with the plea agreement, to a determine term of fourteen years imprisonment, along with five years of post-release supervision. See Resp't Ex. B at 14 (Sentencing Mins.).

Petitioner filed a counseled brief on direct appeal in the Appellate Division, Fourth Department on the following grounds: (1) that he did not waive his right to appeal the harshness of his sentence; and (2) that his sentence was harsh and excessive. See Resp't Ex. C. Petitioner also submitted a *pro se* supplemental brief arguing that: (1) his guilty plea was not knowingly, voluntarily, and intelligently made because the county court and his attorney failed to inform him that "part of his sentence included" post-release supervision; (2) his guilty plea and sentence should be set aside because he was not properly informed of the term of post-release supervision; (3) he received

ineffective assistance of counsel; and (4) the sentence was "vindictive, harsh and severe," and failed to take various factors in account. See Resp't Ex. F.

The Appellate Division unanimously affirmed the judgement of conviction on March 14, 2008, finding that Petitioner's claims were meritless. See People v. Washington, 49 A.D.3d 1241 (4th Dep't 2008) (Resp't Ex. H). Leave to appeal was denied on May 19, 2008. People v. Washington, 10 N.Y.3d 872 (2008) (Resp't Ex. K).

In a motion dated September 23, 2009, Petitioner moved, pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440.10, to vacate his judgment of conviction on the grounds that: (1) the sentencing court violated the plea agreement by sentencing Petitioner outside the range agreed upon at the plea hearing because the county court imposed post-release supervision in addition to the prison sentence; and (2) the guilty plea was involuntary because the court failed to "explicitly explain" to Petitioner at the plea hearing "what post-release supervision is," and that post-release supervision would be imposed on top of the prison sentence. See Resp't Ex. L. The county court denied Petitioner's motion on September 28, 2009, finding that Petitioner's claims were mertiless. See Resp't Ex. M. Leave to appeal was denied on April 6, 2010. See Resp't Ex. P. Petitioner moved for reargument, which was denied on June 10, 2010. See Resp't Ex. T. Petitioner then applied for leave to appeal, and the New York Court of Appeals

dismissed the leave application because the order "sought to be appealed is not appealable." People v. Washington, 15 N.Y.3d 810 (2010) (Resp't Ex. V).

On June 15, 2011, Petitioner filed a motion, pursuant to C.P.L. § 440.20, to set aside the sentence, asserting the same arguments raised in his C.P.L. § 440.10 motion. See Resp't Ex. W. The county court denied the motion, pursuant to C.P.L. § 440.10(3)(a), (b), finding that the claims had already been raised and denied on direct appeal and in Petitioner's C.P.L. § 440.10 motion. See Resp't Ex. Z. Leave to appeal was denied on November 16, 2011. See Resp't Ex. CC. Petitioner then applied for leave to appeal, and the New York Court of Appeals dismissed Petitioner's application on December 14, 2011 "because the order sought to be appealed from is not appealable." People v. Washington, 18 N.Y.3d 862 (2011) (Resp't Ex. EE).

The instant habeas corpus petition, which was filed on March 7, 2012,[1] followed, in which Petitioner seeks relief on the following grounds: (1) his guilty plea was "unlawfully induced" because the county court promised to sentence him to the "lower

---

[1] The habeas petition is dated February 28, 2012. However, following his notarized signature on page 10 of the habeas petition, Petitioner states, "I, Brandon Washington, the Petitioner declare under penalty of perjury that petition was given to a prison official to be mailed on: March 7, 2012." Pet. at p 10. Pursuant to the "prisoner mailbox rule," which applies to habeas petitions, the filing date is presumed to be the date on which an inmate's petition is received by prison officials. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Accordingly, Petitioner's habeas petition was deemed filed on March 7, 2012, the date he handed it over to prison officials for mailing.

part of the range between 10 and 18 years including the 5 years of PRS," but ultimately sentenced him to "14 years with 5 years PRS, which is a total of 19 years"; (2) the plea agreement was "not voluntarily made with full understanding of the consequences of the plea," because the county court "failed to explicitly explain to the petitioner during the plea what PRS is, and the ramifications of PRS"; (3) "[t]he trial court imposed an invalid sentence," "forc[ing] the Petitioner to serve[] incarceration beyond and outside the agreed upon sentencing range";  and (4) "[t]he trial court imposed an illegal sentence," because "PRS should have been included in the Petitioner's sentence as mandated and agreed upon," and the county court also improperly precluded Petitioner's C.P.L. § 440.20 motion on procedural grounds.  See Pet. at ¶ 22 (Dkt. No. 1).  Respondent filed an Answer and Memorandum in Opposition to the habeas petition (Dkt. Nos. 7, 8).  Petitioner did not file a Traverse thereto.

**III. Timeliness**

    **(A)  AEDPA's One-Year Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a federal habeas corpus petition be filed within one year of the date on which the Petitioner's state court conviction becomes final.  28 U.S.C. § 2241(d)(1).  A habeas petitioner's conviction generally becomes final for AEDPA purposes upon, "either the completion of certiorari proceedings in the

United States Supreme Court, or -- if the prisoner elects not to file a petition for certiorari -- the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

In this case, the New York Court of Appeals denied Petitioner's leave application on May 19, 2008. See Resp't Ex. K. Petitioner's conviction became final ninety days thereafter -- i.e., after the period in which a litigant can petition for a writ of certiorari from the United States Supreme Court -- which was August 18, 2008. Petitioner had one year from August 18, 2008, or until August 18, 2009, to file his federal habeas petition. Petitioner's habeas petition, which was filed on March 7, 2012, is untimely because it was filed nearly two and one-half years after the one-year limitations period expired.

### (B) Statutory Tolling

Title 28, Section 2244(d) provides that the limitations period is tolled in "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2); see also Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005).

Here, Petitioner is not entitled to statutory tolling. Petitioner's state collateral proceedings, pursuant to C.P.L. §§ 440.10 and 440.20, did not toll the statute of limitations, as

both were filed after the August 18, 2009 deadline had already expired. See Smith v. McGinnis, 208 F.3d 13, 16-17, n.2 (2d Cir. 2000) (a state collateral proceeding commenced after the one-year limitations period has already expired does not reset the state of the limitations period). As set forth above, Petitioner's C.P.L. § 440.10 motion to vacate the judgment of conviction is dated September 23, 2009 (Resp't Ex. L), and his C.P.L. § 440.20 motion to set aside the sentence was filed on June 15, 2011 (Resp't Ex. W). Accordingly, neither of these motions statutorily tolled the limitations period.

**(C) Equitable Tolling**

To qualify for equitable tolling of the limitations period, a habeas petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). An extraordinary circumstance is one that is beyond the control of the petitioner and that has made it impossible for him to file a timely petition. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed

on time notwithstanding the extraordinary circumstances." <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000).

Although entitled to do so, Petitioner did not file a Traverse in response to Respondent's assertion of the untimeliness defense. Petitioner has not otherwise claimed that equitable tolling is warranted in his case, and he has not alleged any extraordinary circumstance that might give rise to such a claim. <u>See</u> <u>Smaldone</u>, 273 F.3d at 138. Because Petitioner has offered no explanation for his failure to bring his claims within the habeas statute's limitations period, he cannot sustain his burden of establishing that this Court should exercise its discretion to equitably toll the statute of limitations. <u>See</u> <u>Pace</u>, 544 U.S. at 419 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.") (citations omitted).

Because Petitioner filed his federal habeas petition beyond the one-year statute of limitations, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations. The instant habeas petition is therefore dismissed on the basis that it is untimely.

## IV. Conclusion

For the foregoing reasons, the habeas corpus petition (Dkt. No. 1) is dismissed as untimely. No certificate of appealability shall issue because Petitioner has not shown "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether th[is] . . . [C]ourt was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (Slack standard applies to request by habeas petitioner, whose petition was dismissed as untimely under AEDPA, for a certificate of appealability).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and therefore the Court denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 445-46 (1962). Any application for leave to appeal in forma pauperis must be made to the Second Circuit Court of Appeals in accordance with Fed. R. App. P. 24(a)(1), (4), & (5). See id. Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 15, 2013
Rochester, New York